[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married in Providence, Rhode Island, on April 26, 1947. They have resided in the State of Connecticut for more than one year. Their six (6) children have reached the age a majority, and the parties were not recipients of public assistance. The parties are retired, and the plaintiff is primarily supported by a Veterans Administration pension. The defendant has some support from the VA, Social Security, and a pendente lite alimony award.
The parties were married after the plaintiff returned from active duty in the Pacific theater, where his unit experienced heavy loss of life and injuries. He had seen action in Guam, and Okinawa, where he was a machine gunner in the first wave of that offensive. After three days of combat, he was relieved with combat fatigue, and then saw action in Saipan, and Iwo Jima, where he was hit by a bomb in his left side, and was hospitalized for five months. He was given a thirty (30%) percent disability, returned home in 1945, was married, and the parties started their family in 1948. The plaintiff worked as a truck driver, was educated as a mechanical engineer, but later had to leave employment due to emotional difficulties. He was rated as one CT Page 5274 hundred (100%) percent disabled by the VA in 1975.
The parties purchased a home in 1952, in which the plaintiff currently resides with their youngest daughter, and her four children. The parties lived a traditional post-war family life, with the defendant wife and mother remaining in the home to care for the children. The plaintiff claimed that the defendant "abandoned him" in 1980 when she left the marital home. The defendant testified that they had purchased the home in 1955, and that while she knew of his war wounds, both physical and emotional, that he was an abusive man, from whom she fled when their youngest child was fifteen. The defendant testified that she had taken Monica with her, but that their daughter wanted to return home to Hartford to stay with her daughter. The parties has operated a jewelry store in the late seventies, but he defendant testified that their marriage became increasingly difficult after Monica's birth, and that by 1980, it was intolerable, and she felt forced to leave. She testified that she maintained a relationship with all of the children, but that she worked from 1980 until 1983, when she was hospitalized, and could no longer support herself.
In 1983, she began receiving a VA payment due to her dependency on her disabled husband, and she also received subsidized housing, and social security benefits at age 62. She lived in North Carolina after the separation, and then has lived in Rhode Island for the last sixteen years. The plaintiff claimed that he had no contact with her at all since 1980, but the evidence revealed that he had twice refinanced the home, and had her sign each time for those transactions.
During this period, the plaintiff retained approximately Thirty-nine Thousand ($39,000.00) Dollars and could not account for the expenditure. There was no testimony concerning why the plaintiff chose in 1996 to commence an action for dissolution of marriage after such a protracted separation. The plaintiff claims the marital home, attorney's fees and alimony in the amount of One Hundred ($100.00) Dollars per week from his pension. The plaintiff was represented by his court-appointed Conservator. The plaintiff claims that the defendant deserted him and the home and that he has maintained the home consistently since 1980, without any help from her.
The defendant claims that this is a long term marriage, even up to the date of separation, and she claims that the separation CT Page 5275 was necessary in light of the plaintiff's long-standing emotional problems, and his abuse. She seeks fifty-five (55%) percent of the value of the marital home after sale, and the same proportion of a current pending action against the VA for past due pension funds. She seeks alimony in the amount of Two Hundred, Eighty ($280.00) Dollars per week by Withholding Order of Support, in light of the tortured history on nonpayment and contempt findings by this court. The plaintiff has been found in contempt at least twice, and sanctions for compliance with orders have been imposed along with wage withholding orders on at least six occasions. Each party seeks to maintain bank accounts. The defendant seeks an order that the plaintiff pay the real estate taxes. She makes no further claims with respect to the refinance which was not used to reduce taxes or other debts.
The court finds that the marriage has irretrievably broken down, and grants a decree dissolving the marriage. Based upon a review of the evidence, the exhibits, and the statutory criteria, the court makes the following orders:
1) REAL ESTATE: The marital home shall be sold and the proceeds be divided with the plaintiff receiving Sixty (60%) percent and the defendant Forty (40%) percent thereof. In the alternative, the plaintiff may purchase the defendant's interest therein for Fourteen Thousand, Five Hundred ($14,500.00) Dollars, which election must be made within ninety (90) days of the date of judgment. The plaintiff shall be responsible for the payment of the real estate taxes due and owing on the marital home, and hold the defendant harmless from those taxes.
The court recognizes the contribution the plaintiff made to his country by his military service, and recognizes the lengthy separation of the parties. The court credited his testimony that he had provided a home for their youngest child, and that it was his desire to maintain that home for her four children because they are in need of his support. Some of the cost of that housing should be borne by the daughter, as a contribution to the mortgage or taxes. However, the court also recognizes the claim of the defendant with respect to her reason for leaving this marriage, and credits that testimony. Moreover, the court feels that the defendant is entitled to a share in the marital home because she cooperated in the refinance request of the plaintiff, and never asked for any compensation for those transactions. The defendant was forced to go to the VA for support after she could not work. Her work as a mother and homemaker also requires a CT Page 5276 finding by the court that she had not been expected to make an additional financial contribution to the marital home during the almost thirty-three years when the parties resided together.
2) ALIMONY: The plaintiff is ordered to pay to the defendant wife the sum of Two Hundred, Fifty ($250.00) Dollars per week as alimony by continued withholding order for support. While this does not equalize the income of the parties, as requested by the defendant, the award acknowledges the long term of this marriage, and the respective needs of the parties.
3) RETROACTIVE VETERAN'S ADMINISTRATION BENEFITS: The defendant shall receive fifty (50%) percent of any retroactive veteran's benefits which accrue to the plaintiff's benefit as a result of an action in the United States Court of Appeals for the Second Circuit, Docket No. 97-6212, John Capezza v. Jesse Brown, Secretary, U.S. Dept. of Veterans Affairs (Pl. Exh.2, Appendix to Defendant-Appellee's Memorandum Brief).
4) PERSONAL PROPERTY AND BANK ACCOUNTS: The parties shall retain the personal property in their respective possession, including automobiles, as well as all bank accounts.
5) ATTORNEY'S FEES: The parties shall pay their own attorney's fees. These orders shall enter with the judgment of dissolution.
DRANGINIS, J.